UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ORTIZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>MARY MARKEY, et al.,<br><br>                    Defendants. | No.  2:21-cv-1221-KJM-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 4, 6) |

Plaintiff Rene Ortiz proceeds pro se in this action against defendants Mary Markey, Wendy Torres and the United States Department of Veterans Affairs. This matter was referred to the undersigned pursuant to Local Rule 302(c)(3). See 28 U.S.C. § 636(b).

Defendants' motion to dismiss and plaintiff's motion for an injunction are before the court (ECF Nos. 4, 6.) The parties appeared via Zoom for a hearing on September 15, 2021. Plaintiff appeared pro se and attorney William Dean Carter appeared on behalf of defendants. For the reasons set forth below, it is recommended defendants' motion to dismiss be granted, and it is recommended plaintiff's motion for injunction be denied.

**I.   BACKGROUND**

Plaintiff initiated this action in the Small Claims Division of the Superior Court of California, County of Sacramento. Defendants filed a notice of removal on July 12, 2021.

1

On July 14, 2021, defendants moved to dismiss the complaint. (ECF No. 4.) Defendants assert plaintiff's claims have already been adjudicated in this court and that judicial review is barred in this court for lack of jurisdiction. Plaintiff filed an opposition to the motion and defendants filed a reply. (ECF Nos. 7, 8.)

## II.   LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6), is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In order to state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court does not, however, assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2. (9th Cir. 1986). In addition, while Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

In ruling on a motion to dismiss, the court may consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). The

court may also consider matters properly subject to judicial notice. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

### III. DISCUSSION

Defendants Mary Markey and Wendy Torres are Vocational Rehabilitation and Employment ("VR&E") officers at the Oakland Regional Office of the United States Department of Veterans Affairs ("VA"). Plaintiff's complaint alleges defendants Markey, Torres, and the VA "breached an employment contract," as well as "their fiduciary duty to assist and their Oath of Office" based on conduct occurring between March 22, 2019 and May 31, 2021. (ECF No. 1-1 at 4.) Plaintiff additionally alleges defendants committed "misrepresentation and misprison [sic] of a felony." (Id.) Plaintiff seeks $2,369.13.

Defendants ask the court to dismiss the complaint. They assert plaintiff has already litigated these claims in this court. They further assert that even if the court considers the claims and the jurisdictional issue de novo, the suit is barred by the Veterans' Judicial Review Act ("VJRA"). Plaintiff argues, in opposition, that his claims are broader than a mere challenge to the denial of benefits, and thus that the court should not dismiss the case.

#### A. Plaintiff's claims against defendants Markey and Torres are precluded.

The court takes judicial notice of its prior decisions. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Fed. R. Evid. 201(b). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (footnote omitted). "Issue preclusion... bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)). Generally, "[f]or issue preclusion to apply, four conditions must be met: '(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.'" Janjua v. Neufeld, 933 F.3d 1061, 1065 (9th Cir. 2019) (quoting Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012)).

3

1    A dismissal for lack of subject matter jurisdiction is not "on the merits" of "the underlying
2    substantive question," but is "on the merits" of the "issues necessary for the determination of
3    jurisdiction. See Gupta v. Thai Airways Int'l, Ltd., 487 F.3d 759, 767 n. 11 (9th Cir. 2007)
4    (applying California preclusion law); Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980) (holding
5    that dismissal of a complaint for lack of jurisdiction "adjudicate[s] the court's jurisdiction, and a
6    second complaint cannot command a second consideration of the same jurisdictional claims.")
7    (citations omitted); Comer v. Murphy Oil USA, Inc., 718 F.3d 460, 469 (5th Cir. 2013)
8    ("Although a jurisdictional ruling is technically not an adjudication on the merits, it has long been
9    the rule that principles of res judicata apply to jurisdictional determinations—both subject matter
10   and personal.") (citations and quotation marks omitted); Sandy Lake Band of Mississippi
11   Chippewa v. United States, 714 F.3d 1098, 1102-03 (8th Cir. 2013) (citations omitted).

12   In Ortiz v. Markey, No. 2:19-cv-2094-TLN-DB, defendant Markey removed to this court
13   a prior case plaintiff initiated against defendant Markey in the Sacramento County Superior
14   Court. The court dismissed plaintiff's claims for lack of subject-matter jurisdiction on October 22,
15   2020. See Ortiz v. Markey, No. 2:19-cv-2094-TLN-DB, 2020 WL 6198691 (E.D. Cal. Oct. 22,
16   2020) (hereinafter "Markey action"). Similarly, in Ortiz v. Torres, No. 2:19-cv-2098-TLN-DB,
17   defendant Torres removed to this court a case plaintiff initiated against defendant Torres, which
18   was also dismissed for lack of jurisdiction. See Ortiz v. Torres, No. 2:19-cv-2098-TLN-DB, 2020
19   WL 6198590 (E.D. Cal. October. 22, 2020) (hereinafter Torres action").

20   In both prior actions, plaintiff alleged the respective defendant ""breached our agreement,
21   breached her fudiciary [sic] duty to assist and her Oath of Office; and failure and or a refusal to
22   perform her duty(s); the defendant also committed Misprison [sic] of a Felony" based on conduct
23   beginning on March 22, 2019. See Markey action at ECF No. 1-1; Torres action at ECF No. 1-1.
24   In this case, plaintiff similarly alleges defendants Markey and Torres, and VA itself, "breached an
25   employment contract, as well as "their fiduciary duty to assist and their Oath of Office" based on
26   conduct occurring between March 22, 2019 and May 31, 2021. ECF No. 1-1 at 4.

27   In both prior cases, the court found plaintiff failed to establish the court's jurisdiction over
28   the action and granted the motion to dismiss for lack of subject matter jurisdiction. See Markey

action at ECF Nos. 14, 15; Torres action at ECF Nos. 15, 16. Jurisdiction was found to be lacking because "[r]eview of decisions made in the context of an individual veteran's VA benefits proceedings is beyond the jurisdiction of federal courts outside the review scheme established by the VJRA." Markey action at ECF No. 14; 2020 WL 4605221, at *2 (quoting Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1023 (9th Cir. 2021) (en banc) ("VCS")). Thus, plaintiff's claims against Markey and Torres pertaining to the denial of VR&E benefits are precluded for lack of jurisdiction based on the court's previous determinations.

**B. The court lacks subject matter jurisdiction over all of plaintiff's claims.**

The same jurisdictional preclusion applies to plaintiff's claims against the VA. Plaintiff argues in opposition to the motion to dismiss that his contentions are "not merely about a denial of VA benefits, it is about the defendants' breach of contract, incompetence, negligence, wrongdoing, inappropriate behavior and interfering with a veterans record and benefit(s)." (ECF No. 6 at 2.) But even if the court were to consider that plaintiff intends to bring broader claims than he alleged in the prior actions, jurisdiction is still lacking. A challenge to any decisions made in the context of plaintiff's veteran's VA benefits must follow the review scheme established by the VJRA. See VCS, 678 F.3d at 1023.

The United States Court of Appeals for the Ninth Circuit has reviewed the history of judicial review of VA decision-making and the VJRA's effect on the scope of that review. Tunac v. United States, 897 F.3d 1197, 1201 (9th Cir. 2018). Within a few years after Congress established the VA in 1930, further legislation was enacted precluding judicial review of the VA's benefits decisions. Id. (citing VCS, 678 F.3d at 1020). After the Supreme Court interpreted the applicable preclusion provision as permitting courts to review a range of constitutional and legal challenges to veterans' claims against the VA, Congress then enacted the VJRA (codified at various sections of Title 38 of the U.S. Code) to establish an exclusive process for reviewing VA decisions. Tunac, 897 F.3d at 1201-02 (citing VCS, 678 F.3d at 1020-23).

In the VJRA, "Congress placed responsibility for reviewing decisions made by VA Regional Offices and the Board of Veterans' Appeals in a new Article I court, and the U.S. Court of Appeals for Veterans Claims, which has exclusive jurisdiction to review decisions of the Board

of Veterans' appeals." Tunac, 897 F.3d at 1202. Decisions by the U.S. Court of Appeals for Veterans Claims, in turn, are reviewed exclusively by the U.S. Court of Appeals for the Federal Circuit. Id.

In addition, Congress enacted a provision codified at 38 U.S.C. § 511 to "'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" Tunac, 897 F.3d at 1202 (quoting VCS, 678 F.3d at 1025) and H.R. Rep. No. 100-963, at 27 (1988)). Section 511 provides that the Secretary of the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," and "the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a).

Here, as set forth, plaintiff asserts his claims involve, in addition to the denial of benefits, "breach of contract, incompetence, negligence, wrongdoing, inappropriate behavior and interfering with a veterans record and benefit(s)." (ECF No. 6 at 2.) Using these labels and conclusions cannot suffice to state a cause of action, Twombly, 550 U.S. at 555, or to overcome the jurisdictional bar. Moreover, plaintiff's argument in opposition to the motion to dismiss reflects that his claims concern the VA's provision of veteran's benefits, even if he attempts to couch them in broader terms than the mere denial of benefits. All such claims are subject to dismissal and cannot be cured by amendment. See Tunac, 897 F.3d at 1201-02.

**C.  Plaintiff's Motion for Injunction**

Plaintiff has filed a motion for an injunction asking that his pleadings not be uploaded into his VA record. (ECF No. 6.) Defendants state, in response, "no such records have been filed to date. Regardless, [plaintiff] has not put forth any argument or factual detail in support of a request to enter an injunction." (ECF No. 8 at 2.)

To prevail on a request for injunctive relief, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition

for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, 762 F.2d at 1376.

The court is unable to discern exactly what relief plaintiff seeks from the court in his motion for injunction. As plaintiff recognizes in the motion, the pleadings in this action are publicly filed documents. In addition, as set forth, the court lacks jurisdiction to intervene in the VA decision-making process. See 38 U.S.C. § 511; Tunac, 897 F.3d at 1202. Under these circumstances, plaintiff fails to show there exists a significant threat of irreparable injury or the other factors necessary to prevail on a request for injunctive relief.

### IV. CONCLUSION

Based on the foregoing, IT IS RECOMMENDED:

1. Defendants' motion to dismiss (ECF No. 4) be GRANTED and plaintiff's complaint be DISMISSED without leave to amend;
2. Plaintiff's motion for injunction (ECF No. 6) be DENIED; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 16, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Ortiz.21cv1221.mtd