**Rene Ortiz, *Pro Se***
7566 Phoenix Park Drive
Sacramento, California 95823
Telephone: (916) 919-2754
Email: reneortiz@live.com




FEB 25 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **RENE ORTIZ,** | § | **CASE NO. 2:21-CV-01221-KJM-CKD** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| | § | |
| **MARY MARKEY, WENDY TORRES, and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,** | § § § | |
| | § | |
| **Defendant.** | § | |

# TABLE OF CONTENTS


**TABLE OF AUTHORITIES** .......... 9

**I. PARTIES** .......... 9

**II. JURISDICTION** .......... 9

**III. INTRODUCTION** .......... 10

**IV. FACTUAL ALLEGATIONS** .......... 11

**V. ARGUMENTS AND AUTHORITES** .......... 12

**VI. CAUSES OF ACTION** .......... 13

**VII. DAMAGES** .......... 14

**VIII. JURY DEMAND** .......... 15

**IX. PRAYER FOR RELIEF** .......... 16


# TABLE OF AUTHORITIES

## CASES


*Alabama-Coushatta Tribes of Texas v. Texas*, 208 F. Supp. 2d 670 (E.D. Tex. 2002) .......... 2

*Comstock Oil & Gas Inc. v. Alabama & Coushatta Indian Tribes of Texas*, 261 F.3d 567 (5th Cir. 2001) .......... 1, 2, 7, 8, 11, 12

*Eggenberger v. W. Albany Tp.*, 820 F.3d 943 (8th Cir. 2016) .......... 8

*Texas v. Alabama Coushatta Tribe of Texas*, 298 F. Supp. 3d 909 (E.D. Tex. 2018) .......... 3, 4, 9

*Texas v. Alabama Coushatta Tribe of Texas*, 918 F.3d 440 (5th Cir. 2019) .......... 1, 3, 4

*Texas v. Alabama Coushatta Tribe of Texas*, 140 S. Ct. 855 (2020) .......... 3

*Wilkes v. PCI Gaming Auth.*,
287 So. 3d 330 (Ala. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

**STATUTES**

The Ysleta del Sur Pueblo and Alabama and Coushatta Indian Tribes of Texas Restoration Act, Pub L. No. 100-89, 101 Stat. 666 (Aug. 18, 1987) ("the Restoration Act"). . . . . . . . . . . . . . . . . . .1

28 U.S.C. § 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 2

28 U.S.C. § 1367. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

28 U.S.C. § 1391(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 2201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

28 U.S.C. § 2202. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

The Master Agreement between the Department of Veterans Affairs and American Federation of Government Employees.........................................................................1-15

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RENE ORTIZ (Plaintiff), in the above entitled and numbered cause, complaining of and against Defendants, MARY MARKEY, WENDY TORRES, RODNEY HACKNEY, MICHELE KWOK, RAMON LEAL, AFGE Local 1159 and United States Department of Veterans Affairs (Defendants)), and for cause of action would respectfully show unto the Court and Jury the following:

**I.**

**PARTIES**

1. Plaintiff, RENE ORTIZ, is an individual who resides in Sacramento, California.

2. Defendant, MARY MARKEY (hereinafter "Markey" or "Defendant") is an individual working for and employed by the United States Department of Veterans Affairs.

3. Defendant, WENDY TORRES (hereinafter "Torres" or "Defendant") is an individual working for and employed by the United States Department of Veterans Affairs.

4. Defendant, RODNEY HACKNEY (hereinafter "Hackney" or "Defendant") is an individual working for and employed by the United States Department of Veterans Affairs.

5. Defendant, MICHELE KWOK (hereinafter "Kwok" or "Defendant") is an individual working for and employed by the United States Department of Veterans Affairs.

6. Defendant, RAMON LEAL (hereinafter "Leal" or "Defendant") is an individual working for and employed by the United States Department of Veterans Affairs

7. Defendant, United States Department of Veterans Affairs (hereinafter "VA") is an agency of the federal government.

**II.**

**JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

9. Venue for both claims are proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred within this Judicial District.

## III.

## INTRODUCTION

10. On or about June 4, 2021, Plaintiff filed an action in Sacramento County Superior Court alleging that Defendants breached a contract, breached their fiduciary duties, and failed to perform their duties.

11. Defendants subsequently removed the case to federal court alleging that plaintiff was denied VR&E benefits and lacked subject matter jurisdiction.

12. Plaintiff seeks damages due to Defendants' refusal to pay his school tuition fees and reimburse him for related expenses.

## IV.

## FACTUAL ALLEGATIONS

13. The Collective Bargaining Agreement- *The Master Agreement between the Department of Veterans Affairs and American Federation of Government Employees* governs all parties and the Agreement.

14. All parties are federal employees.

15. Plaintiff is a bargaining unit employee, considered to be "Labor" or the Union.

16. Plaintiff is a Union member of AFGE Local 1159.

17. Defendants collectively are considered "Management."

18. All parties are employed by the Veterans Benefits Administration Oakland Regional Office located at 1301 Clay Street in Oakland, California.

19. This dispute is between Labor and Management.

20. Plaintiff is a disabled combat veteran and entitled to Vocational Rehabilitation & Education benefits.

21. Plaintiff and the Defendants, " VA" entered into a contract.

22. Plaintiff suffered damages by Defendants' breach of contract.

## V.

## CAUSE OF ACTION

### A. Breach of Contract.

23. Plaintiff incorporates and realleges all statements above as if fully set forth herein.

24. In 2017, the parties entered into a written Agreement.

25. Inasmuch, Plaintiff agreed to retire from employment and Management agree to pay Plaintiff's school tuition and related expenses, including but not limited to, travel.

26. Plaintiff has made repeated demands to Defendants for reimbursement of school tuition and related expenses.

27. Defendants have failed to fulfill their part of the Agreement.

28. Plaintiff has incurred a debt the Defendants are obligated to pay.

### B. Breach of Fiduciary Duty

29. Plaintiff incorporates and realleges all statements above as if fully set forth herein.

30. The parties had a relationship of trust and confidence giving rise to a fiduciary duty. Defendants were working for Plaintiff for the duration of the parties' contract. Defendants were to act primarily for the benefit of Plaintiff while performing its respective duties pursuant to the contract and its obligations.

31. Defendants breached their fiduciary duties by intentionally, fraudulently, and among other things, failing to follow through on the terms of the contract upon Plaintiff's request.

32. As a result of Defendants' breach of fiduciary duty, Plaintiff suffered damages and is entitled to damages in an amount to be proven at trial because the Plaintiff lost his employment.

33. As a result of Defendants' breach of fiduciary duty, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

## VI.

## DAMAGES

34. Plaintiff incorporates and realleges all statements above as if fully set forth herein.

35. As a direct and proximate result of Defendants conduct, Plaintiff suffered the following injuries and damages:

a. Reasonable and necessary medical expenses incurred in the past, and, in all reasonable medical probability, reasonable and necessary medical expenses to be incurred in the future;

b. Physical pain and suffering in the past, and, in all reasonable probability, physical pain and suffering the future;

c. Mental anguish in the past and, in all reasonable probability, mental anguish in the future;

d. Physical disfigurement in the past and, in all reasonable probability, physical disfigurement in the future;

e. Physical impairment in the past and, in all reasonable probability, physical impairment in the future;

f. Loss of earnings in the past, and, in all reasonable probability, earning capacity lost in the future; and

g. Loss of personal property, loss of employment as a Veterans Claims Examiner.

## VII.

## JURY DEMAND

36. With respect to Plaintiff's damages claims, Plaintiff demands trial by jury.

## XIII.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff, RENE ORTIZ, moves that after trial on the merits, he has judgment against Defendant for the following:

a. Reinstatement of Plaintiff's former employment position as a Veterans Claims Examiner or an employment position of equal value or significance at the GS 11 Step 9 Grade;

b. Sum in excess of the minimum jurisdictional limits of this Honorable Court;

c. Actual damages;

d. Pre-judgment interest and post-judgment interest at the maximum legal rate;

e. Cost of court, and attorney fees; and

f. Any and all further relief, be it general or special, at law or equity, to which Plaintiff may show himself entitled.

Dated: February 24th, 2022.

Respectfully submitted,

**Rene Ortiz, *Pro Se***
7566 Phoenix Park Drive
Sacramento, California 95823
Telephone: (916) 919-2754
Email: reneortiz@live.com