1
2
3
4

**Rene Ortiz,** *Pro Se*
7566 Phoenix Park Drive
Sacramento, California 95823
Telephone: (916) 919-2754
Email: reneortiz@live.com

**[ FILED ]**

APR 0 6 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

5

## IN THE UNITED STATES DISTRICT COUT

6

### EASTERN DISTRICT OF CALIFORNIA

7

8
9
10
11
12
13
14

| | |
|---|---|
| **RENE ORTIZ,** | §   **CASE NO. 2:21-CV-01221-KJM-CKD** |
| **Plaintiff,** | § |
| | § |
| **v.** | §   **PLAINTIFF'S MOTION FOR ENTRY** |
| | §       **OF DEFAULT JUDGMENT** |
| **MARY MARKEY, WENDY TORRES,** | § |
| **and UNITED STATES DEPARTMENT** | § |
| **OF VETERANS AFFAIRS,** | § |
| | § |
| **Defendant.** | § |

15
16
17
18
19

COMES NOW, Plaintiff, Rene Ortiz (hereinafter "Ortiz" or "Plaintiff"), representing himself as a *Pro Se* litigant, and hereby respectfully moves the Court, pursuant to Federal Rules of Civil Procedure 16(a), to enter a default judgment against Defendants in this matter.

20
21
22

The Defendants, Mary Markey, Wendy Torres, Michele Kwok, Ramon Leal Rodney Hackney and United States Department of Veterans affairs, having failed to answer Plaintiff's Amended Complaint, or otherwise defend in this action.

23
24
25
26
27

The undersigned Pro Se Plaintiff, Rene Ortiz, moves this Court for entry of a default judgment as to defendants, upon the amended complaint heretofore filed and served upon the defendants, in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, and in support thereof shows the Court the following.

28

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – PAGE 1**

1. On February 25th, 2022, Plaintiff filed an Amended Complaint alleging certain illegal practices by defendants. A copy of said Amended Complaint is attached hereto as Exhibit A and is incorporated herein by reference.

2. On February 24th, 2022, Plaintiff sent opposing counsel a copy of the Amended Complaint via email as follows:

**William Dean Carter, Esq.,** Assistant United States Attorney
**Joseph B. Frueh, Esq.,** Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Phone: (510) 850-7785
Email: webmaster.cae2@usdoj.gov;
Wendy.torres@va ,gov
Michele.kwok@va.gov
Rodney.hackney@va.gov
Mary.markey@va.gov
AFGELocal1159@gmail.com
Rodney.hackney@va.gov
And See Attached

A copy of the email is attached hereto as Exhibit B and is incorporated herein by reference.

3. As of April 1, 2022, after more than fourteen (14) days had elapsed since the service of said Amended Complaint upon defendants, and no Answer thereto having been served by defendants upon the Plaintiff or this court, the Plaintiff moves this court to enter default.

4. Defendants have *failed* to plead or otherwise defend Plaintiff's Amended Complaint and this action, and the Plaintiff is entitled to judgment by default against defendants.

5. Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against the defendant for relief sought by plaintiff in its complaint, and written notice of this action has been given to defendant as set forth in the attached affidavit.

## PRAYER

WHEREFORE, Plaintiff moves that this Court enter a judgment of default against defendants in this matter.

- **The Return to full duty as a Veterans Claims Examiner at VBA Oakland Boston Regional Office with full pay and benefits retroactive to June 23, 2017.**

## AFFIDAVIT

I, Rene Ortiz, do hereby certify under penalty of perjury that the statements and allegations set forth in the foregoing Motion are true and accurate to the best of my knowledge and belief on this _____ day of April 2022.

S E A L

See attachment

_____

Notary Public

My Commission Expires: March 19, 2026

## JUDGMENT

Judgment should hereby be entered in favor of Plaintiff, Rene Ortiz, and against Defendants, Mary Markey, Wendy Torres, Michele Kwok, Ramon Leal Rodney Hackney, and United States Department of Veterans affairs, for three hundred thousand dollars ($300,000.00), plus interest on the judgment at the legal rate until the judgment is satisfied and the return to full employment as a Veterans Claims Examiner at VBA Oakland or Boston Regional Office.

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – PAGE 3**

Dated: April 6th, 2022.

Respectfully submitted,

**Rene Ortiz,** *Pro Se*
7566 Phoenix Park Drive
Sacramento, California 95823

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that the attached document, Plaintiff's Motion for Entry of Final Default Judgment, was sent, via electronic mail (email), and regular US Mail on this 6th day of April 2022 to the following:

**William Dean Carter, Esq.,** Assistant United States Attorney
**Joseph B. Frueh, Esq.,** Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Phone: (510) 850-7785
Email: webmaster.cae2@usdoj.gov

//electronically signed//

**Rene Ortiz,** *Pro Se*

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – PAGE 4

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ Sacramento _____ )

On __ April 6,2022 _____ before me, Sgrewe, Notary Public _____
(insert name and title of the officer)

personally appeared __ Rene Ortiz _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

(Seal)
S. GREWE
COMM. # 2397649
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES MAR. 19, 2026

Signature _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1    **Rene Ortiz,** *Pro Se*
     7566 Phoenix Park Drive
2    Sacramento, California 95823
     Telephone: (916) 919-2754
3    Email: reneortiz@live.com



**FILED**

FEB 25 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
          DEPUTY CLERK

5
6    IN THE UNITED STATES DISTRICT COURT

     EASTERN DISTRICT OF CALIFORNIA
7

8    **RENE ORTIZ,**                          §    **CASE NO. 2:21-CV-01221-KJM-CKD**
                                              §
9              **Plaintiff,**                 §
                                              §
10                                            §
          **v.**                              §
11                                            §    **PLAINTIFF'S FIRST**
                                              §    **AMENDED COMPLAINT**
12   **MARY MARKEY, WENDY TORRES,**           §
     **and UNITED STATES DEPARTMENT**         §
13   **OF VETERANS AFFAIRS,**                 §
                                              §
14             **Defendant.**                 §

15

16

17

18

19

20

21

22

23

24

25

26

27

28

__**PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** – **PAGE 9**__

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................ 9

I.    PARTIES.............................................................................. 9

II.   JURISDICTION................................................................... 9

III.  INTRODUCTION............................................................... 10

IV.   FACTUAL ALLEGATIONS............................................... 11

V.    ARGUMENTS AND AUTHORITES.................................. 12

VI.   CAUSES OF ACTION......................................................... 13

VII.  DAMAGES.......................................................................... 14

VIII. JURY DEMAND.................................................................. 15

IX.   PRAYER FOR RELIEF....................................................... 16

## TABLE OF AUTHORITIES

CASES

*Alabama-Coushatta Tribes of Texas v. Texas,*
208 F. Supp. 2d 670 (E.D. Tex. 2002)................................................. 2

*Comstock Oil & Gas Inc. v. Alabama & Coushatta Indian Tribes of Texas,*
261 F.3d 567 (5th Cir. 2001)........................................ 1, 2, 7, 8, 11, 12

*Eggenberger v. W. Albany Tp.,*
820 F.3d 943 (8th Cir. 2016)............................................................... 8

*Texas v. Alabama Coushatta Tribe of Texas,*
298 F. Supp. 3d 909 (E.D. Tex. 2018)........................................... 3, 4, 9

*Texas v. Alabama Coushatta Tribe of Texas,*
918 F.3d 440 (5th Cir. 2019)........................................................ 1, 3, 4

*Texas v. Alabama Coushatta Tribe of Texas,*
140 S. Ct. 855 (2020)............................................................................ 3

PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT – PAGE 10

*Wilkes v. PCI Gaming Auth.,*
287 So. 3d 330 (Ala. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

**STATUTES**

The Ysleta del Sur Pueblo and Alabama and Coushatta Indian Tribes of Texas Restoration Act,
Pub L. No. 100-89, 101 Stat. 666 (Aug. 18, 1987) ("the Restoration Act"). . . . . . . . . . . . . . . . .1

28 U.S.C. § 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 2

28 U.S.C. § 1367. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

28 U.S.C. § 1391(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 2201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

28 U.S.C. § 2202. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

The Master Agreement between the Department of Veterans Affairs and American Federation of
Government Employees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1-15

1    TO THE HONORABLE JUDGE OF SAID COURT:

2         COMES NOW, RENE ORTIZ (Plaintiff), in the above entitled and numbered cause,

3    complaining of and against Defendants, MARY MARKEY, WENDY TORRES, RODNEY

4    HACKNEY, MICHELE KWOK, RAMON LEAL, AFGE Local 1159 and United States

5    Department of Veterans Affairs (Defendants)), and for cause of action would respectfully show

6    unto the Court and Jury the following:

7                                    **I.**

8                                **PARTIES**

9    1.    Plaintiff, RENE ORTIZ, is an individual who resides in Sacramento, California.

10   2.    Defendant, MARY MARKEY (hereinafter "Markey" or "Defendant") is an individual

11   working for and employed by the United States Department of Veterans Affairs.

12   3.    Defendant, WENDY TORRES (hereinafter "Torres" or "Defendant") is an individual

13   working for and employed by the United States Department of Veterans Affairs.

14   4.    Defendant, RODNEY HACKNEY (hereinafter "Hackney" or "Defendant") is an

15   individual working for and employed by the United States Department of Veterans Affairs.

16   5.    Defendant, MICHELE KWOK (hereinafter "Kwok" or "Defendant") is an individual

17   working for and employed by the United States Department of Veterans Affairs.

18   6.    Defendant, RAMON LEAL (hereinafter "Leal" or "Defendant") is an individual working

19   for and employed by the United States Department of Veterans Affairs

20   7.    Defendant, United States Department of Veterans Affairs (hereinafter "VA") is an agency

21   of the federal government.

22                                   **II.**

23                        **JURISDICTION AND VENUE**

24   8.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

25   9.    Venue for both claims are proper in this Judicial District pursuant to 28 U.S.C. § 1391(b),

26   because the events giving rise to the claims occurred within this Judicial District.

27

28   **PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT – PAGE 12**

## III.

## INTRODUCTION

10.     On or about June 4, 2021, Plaintiff filed an action in Sacramento County Superior Court alleging that Defendants breached a contract, breached their fiduciary duties, and failed to perform their duties.

11.     Defendants subsequently removed the case to federal court alleging that plaintiff was denied VR&E benefits and lacked subject matter jurisdiction.

12.     Plaintiff seeks damages due to Defendants' refusal to pay his school tuition fees and reimburse him for related expenses.

## IV.

## FACTUAL ALLEGATIONS

13.     The Collective Bargaining Agreement- *The Master Agreement between the Department of Veterans Affairs and American Federation of Government Employees* governs all parties and the Agreement.

14.     All parties are federal employees.

15.     Plaintiff is a bargaining unit employee, considered to be "Labor" or the Union.

16.     Plaintiff is a Union member of AFGE Local 1159.

17.     Defendants collectively are considered "Management."

18.     All parties are employed by the Veterans Benefits Administration Oakland Regional Office located at 1301 Clay Street in Oakland, California.

19.     This dispute is between Labor and Management.

20.     Plaintiff is a disabled combat veteran and entitled to Vocational Rehabilitation & Education benefits.

21.     Plaintiff and the Defendants, " VA" entered into a contract.

22.     Plaintiff suffered damages by Defendants' breach of contract.

**PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT – PAGE 13**

# V.

## CAUSE OF ACTION

### A.    Breach of Contract.

23.    Plaintiff incorporates and realleges all statements above as if fully set forth herein.

24.    In 2017, the parties entered into a written Agreement.

25.    Inasmuch, Plaintiff agreed to retire from employment and Management agree to pay Plaintiff's school tuition and related expenses, including but not limited to, travel.

26.    Plaintiff has made repeated demands to Defendants for reimbursement of school tuition and related expenses.

27.    Defendants have failed to fulfill their part of the Agreement.

28.    Plaintiff has incurred a debt the Defendants are obligated to pay.

### B.    Breach of Fiduciary Duty

29.    Plaintiff incorporates and realleges all statements above as if fully set forth herein.

30.    The parties had a relationship of trust and confidence giving rise to a fiduciary duty. Defendants were working for Plaintiff for the duration of the parties' contract.  Defendants were to act primarily for the benefit of Plaintiff while performing its respective duties pursuant to the contract and its obligations.

31.    Defendants breached their fiduciary duties by intentionally, fraudulently, and among other things, failing to follow through on the terms of the contract upon Plaintiff's request.

32.    As a result of Defendants' breach of fiduciary duty, Plaintiff suffered damages and is entitled to damages in an amount to be proven at trial because the Plaintiff lost his employment.

33.    As a result of Defendants' breach of fiduciary duty, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

## VI.

## DAMAGES

34. Plaintiff incorporates and realleges all statements above as if fully set forth herein.

35. As a direct and proximate result of Defendants conduct, Plaintiff suffered the following injuries and damages:

     a.    Reasonable and necessary medical expenses incurred in the past, and, in all reasonable medical probability, reasonable and necessary medical expenses to be incurred in the future;

     b.    Physical pain and suffering in the past, and, in all reasonable probability, physical pain and suffering the future;

     c.    Mental anguish in the past and, in all reasonable probability, mental anguish in the future;

     d.    Physical disfigurement in the past and, in all reasonable probability, physical disfigurement in the future;

     e.    Physical impairment in the past and, in all reasonable probability, physical impairment in the future;

     f.    Loss of earnings in the past, and, in all reasonable probability, earning capacity lost in the future; and

     g.    Loss of personal property, loss of employment as a Veterans Claims Examiner.

## VII.

## JURY DEMAND

36. With respect to Plaintiff's damages claims, Plaintiff demands trial by jury.

**PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT – PAGE 15**

## XIII.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff, RENE ORTIZ, moves that after trial on the merits, he has judgment against Defendant for the following:

a.   Reinstatement of Plaintiff's former employment position as a Veterans Claims Examiner or an employment position of equal value or significance at the GS 11 Step 9 Grade;

b.   Sum in excess of the minimum jurisdictional limits of this Honorable Court;

c.   Actual damages;

d.   Pre-judgment interest and post-judgment interest at the maximum legal rate;

e.   Cost of court, and attorney fees; and

f.   Any and all further relief, be it general or special, at law or equity, to which Plaintiff may show himself entitled.

Dated: February 24th, 2022.

Respectfully submitted,

Rene Ortiz, *Pro Se*
7566 Phoenix Park Drive
Sacramento, California 95823
Telephone: (916) 919-2754
Email: reneortiz@live.com

**PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT – PAGE 16**

# Rene Ortiz

7566 Phoenix Park Drive
Sacramento, California 95823-3621
Telephone: (916) 919-2754

## CONFIDENTIAL & PRIVILEDGED
## FOR SETTLEMENT PURPOSES ONLY

January 12, 2022

### VIA USPS CERTIFIED MAIL/RRR:

**Camille D. Stroughter, Agency Representative**          7020 3160 0001 6226 7322
Veteran's Administration Regional Counsel
Oakland Regional Office
1301 Clay Street, Suite 1400N
Oakland, California 94612\
Telephone: (510) 850-7785
Email: Camille.Stroughter@va.gov

**William Dean Carter, Deputy Chief Counsel**          7020 3160 0001 6226 7223
U.S. Attorney's Office
501 I Street
Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2781
Facsimile: (916) 554-2900
Email: dean.carter@usdoj.gov

> Re:    *Rene Ortiz v. Department of Veteran's Affairs* / Case No. SF-0752-21-0536-I-1
> *Rene Ortiz v. Markey et al.* / Case No. 2:21-cv-01221-KJM-CKD

Dear Mr. Carter and Ms. Stroughter:

As you already know, I have been pursuing this matter for a long time now. The Defendant in the above-referenced matter ("Agency") entered into a verbal binding agreement with me prior to my resignation from my federal service. Specifically, binding agreements (hereinafter "Agreement"), are legal contracts, can be enforced under laws at both the federal and state levels.

The terms of the Agreement, included but is not limited to, the following stipulations:

(a)    Appellant agreed to retire <u>only</u> if the Agency would agree to the conditions as follows:

1

(b)     pay for the Appellant's school tuition and travel expenses as cited in the
        Collective Bargaining Agreement (CBA) in Article 37; and

(c)     file a "worker's compensation" claim for the Appellant due to his job-related
        disabilities.[1]

This letter is submitted for settlement purposes only.[2] The California Rules of
Evidence prohibit use of this letter and any enclosures as evidence in any legal proceeding
without my express consent. If settlement fails for any reason, this letter and its enclosures
are to be returned to me without retention of copies.

The bottom line is that the Agency defaulted on its part of the Agreement; thereby,
failing to provide the assistance they promised.

**DAMAGES**

Please allow me to remind you that my initial damages were approximately three hundred
thousand dollars ($300,000.00).

**CONCLUSION**

In light of the Agency's clear liability in this case and the damages proximately
caused, as well as the other damages documented herein, I make a reasonable and fair
settlement offer, as follows:

(1)     A lump sum settlement payment of three hundred thousand dollars;

(2)     I will immediately be reinstated as a Veteran's Claim Examiner (VCE) at the
        GS11/9 level with full pay and benefits at the Manchester or the Boston VBA,
        Regional Office (the Defendant may select the office);

(3)     My payroll compensation will be retroactive to June 24, 2017;

(4)     Back pay of all tuition and school travel expenses with be reimbursed; and

(5)     After compliance with the above actions, I will dismiss the lawsuit against the
        Agency in full as final settlement of this matter.

---

[1] "To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the
plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the
resulting damage to the plaintiff." (*Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186 [169 Cal.Rptr.3d
475].)

[2] The settlement offer contained in this letter is made pursuant to Sections 1152 and 1154 of the California
Evidence Code. As such, it cannot be used to prove or disprove the liability, or lack thereof, of any party to
the above-entitled action, nor can it be used to prove the invalidity of a claim , or any part of it.

2

Hopefully, this settlement offer is agreeable, and we can settle this lawsuit and in a cordial fashion; thus, eliminating any further additional and expensive litigation.

Pursuant to California Rule of Civil Procedure, this Proposal for Settlement shall be deemed rejected unless accepted by delivery of a written notice of acceptance within ten (10) days after the service of this Proposal, and no oral communication constitutes an acceptance, rejection, or counteroffer of this Proposal for Settlement.

This matter has languished long enough in litigation, and it is in the best interest of all parties to simply settle this matter at this time. I urge you to discuss this settlement offer with your client.

Please feel free to contact me to discuss this offer in greater detail.

Sincerely,

**Rene Ortiz**

3

# Rene Ortiz

7566 Phoenix Park Drive
Sacramento, California 95823-3621
Telephone: (916) 919-2754

**CONFIDENTIAL & PRIVILEDGED**
**FOR SETTLEMENT PURPOSES ONLY**

January 12, 2022

**VIA USPS CERTIFIED MAIL/RRR:**

**William Dean Carter, Deputy Chief Counsel**
U.S. Attorney's Office                            7020 3160 0001 6226 7322
501 I Street
Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2781
Facsimile: (916) 554-2900
Email: dean.carter@usdoj.gov

**Camille D. Stroughter, Agency Representative**        7020 3160 0001 6226 7223
Veteran's Administration Regional Counsel
Oakland Regional Office
1301 Clay Street, Suite 1400N
Oakland, California 94612
Telephone: (510) 850-7785
Email: Camille.Stroughter@va.gov

Re:    *Rene Ortiz v. Markey et al.* / Case No. 2:21-cv-01221-KJM-CKD
       *Rene Ortiz v. Department of Veteran's Affairs* / Case No. SF-0752-21-0536-I-1

Dear Mr. Carter and Ms. Stroughter:

As you already know, I have been pursuing this matter for a long time now.    The
Defendant in the above-referenced matter ("Agency") entered into a verbal binding
agreement with me prior to my resignation from my federal service.    Specifically, binding
agreements (hereinafter "Agreement"), are legal contracts, can be enforced under laws at
both the federal and state levels.

The terms of the Agreement, included but is not limited to, the following stipulations:

(a)    Appellant agreed to retire <u>only</u> if the Agency would agree to the conditions as
       follows:

1

(b)    pay for the Appellant's school tuition and travel expenses as cited in the Collective Bargaining Agreement (CBA) in Article 37; and

(c)    file a "worker's compensation" claim for the Appellant due to his job-related disabilities.[1]

This letter is submitted for settlement purposes only.[2] The California Rules of Evidence prohibit use of this letter and any enclosures as evidence in any legal proceeding without my express consent. If settlement fails for any reason, this letter and its enclosures are to be returned to me without retention of copies.

The bottom line is that the Agency defaulted on its part of the Agreement; thereby, failing to provide the assistance they promised.

## DAMAGES

Please allow me to remind you that my initial damages were approximately three hundred thousand dollars ($300,000.00).

## CONCLUSION

In light of the Agency's clear liability in this case and the damages proximately caused, as well as the other damages documented herein, I make a reasonable and fair settlement offer, as follows:

(1)    A lump sum settlement payment of three hundred thousand dollars;

(2)    I will immediately be reinstated as a Veteran's Claim Examiner (VCE) at the GS11/9 level with full pay and benefits at the Manchester or the Boston VBA, Regional Office (the Defendant may select the office);

(3)    My payroll compensation will be retroactive to June 24, 2017;

(4)    Back pay of all tuition and school travel expenses with be reimbursed; and

(5)    After compliance with the above actions, I will dismiss the lawsuit against the Agency in full as final settlement of this matter.

---

[1] "To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." (*Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186 [169 Cal.Rptr.3d 475].)

2 The settlement offer contained in this letter is made pursuant to Sections 1152 and 1154 of the California Evidence Code. As such, it cannot be used to prove or disprove the liability, or lack thereof, of any party to the above-entitled action, nor can it be used to prove the invalidity of a claim , or any part of it.

Hopefully, this settlement offer is agreeable, and we can settle this lawsuit and in a cordial fashion; thus, eliminating any further additional and expensive litigation.

Pursuant to California Rule of Civil Procedure, this Proposal for Settlement shall be deemed rejected unless accepted by delivery of a written notice of acceptance within ten (10) days after the service of this Proposal, and no oral communication constitutes an acceptance, rejection, or counteroffer of this Proposal for Settlement.

This matter has languished long enough in litigation, and it is in the best interest of all parties to simply settle this matter at this time. I urge you to discuss this settlement offer with your client.

Please feel free to contact me to discuss this offer in greater detail.

Sincerely,

**Rene Ortiz**

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT – PAGE 6**

## Fw: FIRST AMENDED COMPLAINT

Rene Ortiz <rene-ortiz@live.com>

Mon 3/21/2022 1:36 PM

To: Ramon Leal <afge1159@gmail.com>; joseph.frueh@usdoj.gov <joseph.frueh@usdoj.gov>; Carter, Dean
(USACAE) <dean.carter@usdoj.gov>; Markey, Mary, VBAOAKL <Mary.markey@va.gov>;
michele.kwok@va.gov <michele.kwok@va.gov>; Hackney, Rodney, VBAOAKL <Rodney.Hackney@va.gov>;
Stroughter, Camille (OGC) <Camille.Stroughter@va.gov>

Cc: alamataga@rocketmail.com <alamataga@rocketmail.com>; abedri1@yahoo.com
<abedri1@yahoo.com>; timbennie@yahoo.com <timbennie@yahoo.com>; timbennie@yahoo.com
<timbennie@yahoo.com>; bookert7t@aol.com <bookert7t@aol.com>; john.boomer74@gmail.com
<john.boomer74@gmail.com>; john.boomer74@gmail.com <john.boomer74@gmail.com>;
RMELINDA26@hotmail.com <RMELINDA26@hotmail.com>; XBYRD@netzero.com <XBYRD@netzero.com>;
XBYRD@netzero.com <XBYRD@netzero.com>; camille.camerlo@gmail.com <camille.camerlo@gmail.com>;
gcarmon125@yahoo.com <gcarmon125@yahoo.com>; gcarmon125@yahoo.com
<gcarmon125@yahoo.com>; cheneylydia@yahoo.com <cheneylydia@yahoo.com>; CALIDEB67@gmail.com
<CALIDEB67@gmail.com>; CALIDEB67@gmail.com <CALIDEB67@gmail.com>;
jeffrey.a.danner305@gmail.com <jeffrey.a.danner305@gmail.com>; southern_listic@yahoo.com
<southern_listic@yahoo.com>; southern_listic@yahoo.com <southern_listic@yahoo.com>;
brantsdaye@gmail.com <brantsdaye@gmail.com>; Kimberly.dickerson43@gmail.com
<Kimberly.dickerson43@gmail.com>; Kimberly.dickerson43@gmail.com
<Kimberly.dickerson43@gmail.com>; drennanassociates@att.net <drennanassociates@att.net>;
LMADERE@hotmail.com <LMADERE@hotmail.com>; LMADERE@hotmail.com <LMADERE@hotmail.com>;
tiffaniee2@gmail.com <tiffaniee2@gmail.com>; JACOBENTWISTLE@yahoo.com
<JACOBENTWISTLE@yahoo.com>; JACOBENTWISTLE@yahoo.com <JACOBENTWISTLE@yahoo.com>;
Joe.d.flores@gmail.com <Joe.d.flores@gmail.com>; tfranz66@yahoo.com <tfranz66@yahoo.com>;
tfranz66@yahoo.com <tfranz66@yahoo.com>; OAKMAN@aol.com <OAKMAN@aol.com>;
kuldip_gill@outlook.com <kuldip_gill@outlook.com>; CLAUDIA.GLASGOW@yahoo.com
<CLAUDIA.GLASGOW@yahoo.com>; roxana_21@msn.com <roxana_21@msn.com>;
cynthia0736@sbcglobal.net <cynthia0736@sbcglobal.net>; sanchogram@comcast.net
<sanchogram@comcast.net>; TRACI.GROSS@att.net <TRACI.GROSS@att.net>; scooterj2005@gmail.com
<scooterj2005@gmail.com>; THELIFESHOP@sbcglobal.net <THELIFESHOP@sbcglobal.net>;
thomashickey@surewest.net <thomashickey@surewest.net>; hillcrystal88@gmail.com
<hillcrystal88@gmail.com>; JOYCEANN572003@yahoo.com <JOYCEANN572003@yahoo.com>;
rahepee@hotmail.com <rahepee@hotmail.com>; PCOTTON_50@yahoo.com <PCOTTON_50@yahoo.com>;
andrewidul@gmail.com <andrewidul@gmail.com>; jlmj.jdm@gmail.com <jlmj.jdm@gmail.com>;
sniper_girl67@yahoo.com <sniper_girl67@yahoo.com>; sniper_girl67@yahoo.com
<sniper_girl67@yahoo.com>; TGTELANE@comcast.net <TGTELANE@comcast.net>;
ramonleal1978@gmail.com <ramonleal1978@gmail.com>; ramonleal1978@gmail.com
<ramonleal1978@gmail.com>; LEDBETTER359@msn.com <LEDBETTER359@msn.com>;
ledesma.christine@gmail.com <ledesma.christine@gmail.com>; ledesma.christine@gmail.com
<ledesma.christine@gmail.com>; twi_ink27@yahoo.com <twi_ink27@yahoo.com>;
sophialopez519@gmail.com <sophialopez519@gmail.com>; sophialopez519@gmail.com
<sophialopez519@gmail.com>; marthamartinez3894@gmail.com <marthamartinez3894@gmail.com>;
blueflcn2k@sbcglobal.net <blueflcn2k@sbcglobal.net>; wmccoy4465@gmail.com
<wmccoy4465@gmail.com>; RANDOLFMOSE@aol.com <RANDOLFMOSE@aol.com>; dgc279@yahoo.com
<dgc279@yahoo.com>; bradley.ogata@gmail.com <bradley.ogata@gmail.com>; laniob73@gmail.com
<laniob73@gmail.com>; rene-ortiz@live.com <rene-ortiz@live.com>; rene-ortiz@live.com <rene-
ortiz@live.com>; CHPARKER1971@gmail.com <CHPARKER1971@gmail.com>; sparm81@me.com
<sparm81@me.com>; pdpe123@hotmail.com <pdpe123@hotmail.com>; portwoodcurtis@gmail.com

<portwoodcurtis@gmail.com>; WREED86297@aol.com <WREED86297@aol.com>;
MEAMAH1964@gmail.com <MEAMAH1964@gmail.com>; adonna_ross@yahoo.com
<adonna_ross@yahoo.com>; DAWUDSABIR@att.net <DAWUDSABIR@att.net>; ian225@gmail.com
<ian225@gmail.com>; ian225@gmail.com <ian225@gmail.com>; CMOOREBEAR@aol.com
<CMOOREBEAR@aol.com>; JUNE562@hotmail.com <JUNE562@hotmail.com>; JUNE562@hotmail.com
<JUNE562@hotmail.com>; rockinrs@msn.com <rockinrs@msn.com>; rozzieca@aol.com
<rozzieca@aol.com>; hlsoutherndiego@gmail.com <hlsoutherndiego@gmail.com>;
joy.carrigan@yahoo.com <joy.carrigan@yahoo.com>; sherry.thao209@gmail.com
<sherry.thao209@gmail.com>; GOLDWATER@yahoo.com <GOLDWATER@yahoo.com>;
ertristani@yahoo.com <ertristani@yahoo.com>; kkwalkjr@aol.com <kkwalkjr@aol.com>;
1ALWARD@sbcglobal.net <1ALWARD@sbcglobal.net>; 1ALWARD@sbcglobal.net
<1ALWARD@sbcglobal.net>; Lorrygal@gmail.com <Lorrygal@gmail.com>; MAEOM@aol.com
<MAEOM@aol.com>; sheafirst@hotmail.com <sheafirst@hotmail.com>

📎 2 attachments (595 KB)

Amended Compalint-Ortiz v Markey et.pdf; First Amended Complaint-Eastern district Court.pdf;

Hello,

I filed suit vsVBA Oakland RO Mgt and AFGE Local 1159. VBA Oakland RO promised me that they
would pay my school tuition and travel IAW the Master Agreement. VBA Oakland RO breached their
duty and is refusing to honor their Promise.

All I want is to return to full duty as aVCE.

If youre reading this message pls communicate with Mr. Dean Carter and inform him to settle my suit-
tell him I want my job back with full pay and benefits

Mr. Dean Carter I challenge the Supreme Court case Henson v. Santander Consumer USA Inc.



---

**From:** Rene Ortiz <rene-ortiz@live.com>
**Sent:** Friday, March 18, 2022 2:34 PM
**To:** Carter, Dean (USACAE) <dean.carter@usdoj.gov>; joseph.frueh@usdoj.gov <joseph.frueh@usdoj.gov>;
Ramon Leal <afge1159@gmail.com>; Markey, Mary, VBAOAKL <Mary.markey@va.gov>; wendy.torres@va.gov
<wendy.torres@va.gov>; michele.kwok@va.gov <michele.kwok@va.gov>; Stroughter, Camille (OGC)
<Camille.Stroughter@va.gov>; Hackney, Rodney, VBAOAKL <Rodney.Hackney@va.gov>; Clegg, Heidi R. VBASLCY
<Heidi.Clegg@va.gov>; webmaster.cae2@usdoj.gov <webmaster.cae2@usdoj.gov>
**Subject:** FIRST AMENDED COMPLAINT

Hello Mr. Carter

I filed my first amended complaint on Feb 25th. and emailed you each a copy; per the FRCP you had 14
days to answer; to date you have failed or refused to answer.

This is a courtesy notice that I expect an answer to my complaint before I file a Default Judgement on
your failure to answer.

Ill give you until March 24th to answer, my complaint.

All I want is to return to work as if nothing happened. and I challenge the Supreme Court case Henson v
Santander Consumer USA , so you may litigate yourself to the Supreme Court.

Case 2:21-cv-01221-KJM-CKD    Document 24    Filed 04/06/22    Page 24 of 29

In Henson v Santander- Santander does not have jurisdiction to be in court- as neither are your defendants- claiming that my case is a denial of VA benefits.





# U.S. MERIT SYSTEMS PROTECTION BOARD

**Office of the Clerk of the Board**
1615 M Street, N.W.
Washington, D.C. 20419-0002

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

**November 23, 2021**

Notice to:

Rene Ortiz
7566 Phoenix Park Drive
Sacramento, CA 95823

    Re:  Rene Ortiz v. Department of Veterans Affairs
       MSPB Docket Number: SF-0752-21-0536-I-1

   The Board acknowledges <u>November 16, 2021</u> as the filing date of the appellant's petition for review. The agency may file a response, or file a cross petition for review, on or before <u>December 11, 2021</u>. A cross petition for review differs from a response because it also disagrees with the initial decision. If a cross petition for review is filed, any response must be filed within 25 days after the date of service of the cross petition. Any response or cross petition for review is limited to 30 pages or 7500 words, whichever is less.

   The appellant may file a reply to the response to the petition for review within 10 days after the date of service of the response. A reply may not be more than 15 pages or 3750 words, whichever is less, and is limited to the factual and legal issues raised in the response to the petition for review. A request to submit any pleading in excess of the limits described above must be submitted in accordance with 5 C.F.R. § 1201.114(h) and will be granted only in exceptional circumstances.

   The filing date of any submission described above is the date the document is postmarked, if mailed; the date the document is received by the Board, if personally delivered; the date the facsimile of the document was sent; or the date of electronic submission, if filed via e-Appeal. All submissions must be served on each party and representative and must include a certificate of service. The parties are informed that the Clerk of the Board may reject any submissions that do not substantially conform to the procedural requirements of 5 C.F.R. Part 1201, subpart C. You may review the Board's petition for review procedures at 5 C.F.R. § 1201.114.

   The record closes when the time period ends for filing a reply to a response to the petition for review or a response to a cross petition for review. The Board will not accept any pleading other than the ones described above unless the party files a motion and

obtains leave from the Clerk of the Board to file an additional pleading. Any such motion must describe the nature of and need for the pleading. 5 C.F.R. § 1201.114(a)(5). Additionally, after the record closes, the Board may accept an additional submission other than the pleadings described above only if the party was granted leave to file such pleading and the submission includes a statement that convinces the Board that the submission was not readily available before the record closed. 5 C.F.R. § 1201.114(k). All parties are reminded that they must notify the Board and each other in writing of any changes in representation and/or address.

The Board encourages settlement. If the parties settle and they enter a written settlement agreement into the record, the Board will enforce the terms. The Board has no enforcement authority over settlement agreements that are not entered into its record.

## NOTICE REGARDING LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently no members are in place. Because a majority vote of the Board is required to decide a case, see 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. See 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period and the Office of the Clerk will continue processing petitions for review, no decisions will be issued until at least two Board members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.


Jennifer Everling
Acting Clerk of the Board



Lisa L. White
Paralegal Specialist


Attachment: Settlement Program Information

United States Merit Systems Protection Board

## PETITION FOR REVIEW SETTLEMENT PROGRAM

### Introduction

In keeping with its policy of encouraging the settlement of appeals, the Board has a program that helps parties resolve their disputes at the petition-for-review level. The program is conducted by settlement attorneys in the Board's Office of General Counsel who are familiar with federal employment law. Settlement will not be attempted in every case because of the Board's limited resources. When a case is selected, a settlement attorney will contact both parties either in writing or by telephone.

### Case Selection

Cases are selected for the settlement program in several ways. Most are screened by settlement attorneys, as they are received in the Office of the Clerk of the Board. Others are selected by a vote of at least 2 Board members who conclude that settlement efforts would be worthwhile in a particular case. Other cases are selected by decision-writing attorneys in the Office of Appeals Counsel based on their judgment, concurred in by a settlement attorney, that settlement efforts would be appropriate. Still others may be selected based on a party's request.

If you would like the Board's help in settling your appeal at the petition-for-review level, you may call its headquarters offices in Washington, D.C., at 1-800-209-8960, and leave a message. A settlement attorney will contact you to discuss settlement possibilities.

### Settlement Discussions

If an appeal is selected for the settlement program, the parties and their representatives must be prepared to discuss settlement options in good faith. Representatives must have the authority to enter into a settlement agreement.

When a Board appeal is settled, both parties can gain something that they may lose if the Board decides the appeal by the application of legal principles where, most often, one party wins and the other loses. Depending on the circumstances of a particular case, the advantages of such a settlement to an appellant *might* include: a clean record with the reason for separation recorded as a voluntary resignation; a more acceptable date of separation; a modified penalty; a cash buy-out; receipt of some, if not all, back pay; the agency's agreement not to challenge an application for unemployment benefits; the agency's agreement not to divulge detrimental information to potential future employers; or the payment of some, if not all, attorney fees. The advantages to the agency *might* include: the immediate resolution of an employment problem, possibly extending to other employment disputes involving the same employee; saving the time of agency representatives, management officials, and agency witnesses; not having financial resources tied up in litigation before the Board and the courts; and minimizing or avoiding potential back-pay liability.

*Please keep in mind that these advantages to the appellant and the agency are possibilities only; some or all may not apply to a particular case, but there may be other advantages depending on the nature of the case.*

## Confidentiality

The Board's settlement attorneys will treat all discussions with parties as strictly confidential. If settlement is attempted in an appeal but an agreement is not reached, the petition for review will be adjudicated on its merits by the Board in the regular manner. The settlement attorneys will *not* divulge any information learned during settlement discussions to Board members or to those who advise the Board on appeals cases or prepare recommended decisions. Because of this strict confidentiality policy, settlement attorneys may speak with the parties to an appeal individually about the merits of the case without violating the prohibition in the Board's regulations against ex parte communications. *See* 5 C.F.R. § 1201.101.

During these discussions, the settlement attorney is free to provide his or her own views of the appeal. While such views are worthy of serious consideration as those of an attorney familiar with Board law, they do not necessarily represent the views of the Board. Again, the purpose of any discussion initiated by a settlement attorney with a party to an appeal before the Board on petition for review is to encourage and help parties to settle their differences.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

### Appellant

U.S. Mail

Rene Ortiz
7566 Phoenix Park Drive
Sacramento, CA 95823

### Appellant Representative

U.S. Mail

Joseph B. Frueh
AFGE
501 I Street
Suite 10-100
Sacramento, CA 95814

U.S. Mail

William D. Carter
AFGE
501 I Street
Suite 10-100
Sacramento, CA 95814

### Agency Representative

Electronic Mail

Camille D.S. Stroughter, Esq.
Department of Veterans Affairs
Oakland Regional Counsel Office
Oakland Federal Building
1301 Clay Street, #1400N
Oakland, CA 94612

_____
November 23, 2021
(Date)

_____
Lisa L. White
Paralegal Specialist